## HERMAN HADLAN, Plaintiff in Error,

*v.*

## JACOB OTT & ELIZABETH OTT, Defendants in Error.

When a lease of real estate is made for a term of years, the tenant to make all necessary repairs, damages by the elements excepted, and the buildings thereon are destroyed by fire before the expiration of the lease, the landlord is under obligations to rebuild.

Such a lease is pleaded in the complaint by the tenant, and resulting damages by reason of the landlord's refusal to rebuild; and the answer admits the contract of lease, but denies the damages: *Held*, that at least nominal damages follow, as a result of the admitted breach; and upon plaintiff's motion for judgment on the proceedings, the Court properly awarded nominal damages.

If the plaintiff, instead of going to trial, as he might have done on the question of the measure of damages, move the lower Court for judgment in his favor on the pleadings, and that Court award him judgment in a nominal amount, he cannot afterwards complain of such judgment.

ERROR, to the Second Judicial District, holding terms at Olympia.

The pleadings upon which judgment was rendered are set forth in the opinion of the Court.

*P. P. Carroll* and *C. H. Hanford*, for Plaintiff in error.

It is a rule that every pleading must be an answer to the whole of what is adversely alleged. (Heard's Civil Pleading, 160.)

Admissions plaintiff entitled to judgment as by *nil dicit*. (Id. 161.)

When the answer admits all the facts alleged in the complaint, or does not deny them, but denies the legal conclusions only,

judgment on the pleadings may, on motion, be allowed. (*Simpson* v. *Prather*, 5 Oregon, 86; *Karth* v. *Light*, 15 Cal. 325.)

The lease being admitted, the payment of rent and increased rent being admitted after the fire, and the breach of contract being admitted, plaintiff was entitled to a judgment equal to the rent paid for May, June, and July, 1882, and at least to nominal damages for breach of contract. We are entitled to a judgment consistent with the case made in the complaint. (1 Estee's Pl. and Prac., 199, 2d ed.; *Loan Society* v. *Thompson*, 32 Cal. 347 ; Wash. Code, 76.)

It is a settled principle, that questions of fact shall be tried by a jury. (Heard's Civil Pl., 72 ; Pomeroy's Municipal Law, 21, Secs. 41–2 ; Moak's Van Santvoord's Pl., 788, 791; Field on Damages, 24 ; 1 Monell's Prac., 597; 2 Id. 177–8, 181.)

It is the *constitutional right* of the party to have a *jury* pass upon all the *material facts in issue*, and every reasonable presumption should be indulged against its waiver. (*Hodges et al.* v. *Easton et al.*, 1 U. S. Supreme Court Reporter, 307 , Thompson & Merriman on Juries, Secs. 4–11; Wash. Code, Sec. 245 ; *Smith* v. *Polack*, 2 Cal. 92 ; 1 Bishop Crim. Pro. 894, 3d ed. ; *People* v. *O'Neil*, 48 Cal. 257.)

New trial *toties quoties* will be granted, if the verdict is contrary to the law. (*Turnbull* v. *Rivers*, 15 Am. Dec. 622 ; Hilliard on New Trials, 121 note " a," 144, 146, 2d ed.; *Paschal* v. *Cushman*, 26 Tex. 74; Code, 246; *Felch* v. *Beaudry*, 40 Cal. 439 ; *Corwin* v. *Patch*, 4 Id. 204; *Gay* v. *Winter*, 34 Id. 153 ; *Fitzgibbon* v. *Calvert*, 39 Id. 261.)

Like the demurrer, it is the province and office of a motion for judgment on the pleadings to reach questions of law only. If the answer was good in law, and sufficient to put the plaintiff to his evidence, the motion should be denied. (3 Estee's Pl. and Prac., 222, 223, 2d ed. ; *Newell* v. *Doty*, 33 N. Y. 83.)

If a complaint be itself sufficient, the plaintiff may apply for judgment on the pleadings, if the defendant has filed an answer which expressly admits the material facts stated in the complaint, or when the answer leaves all the material allegations of the complaint undenied. (3 Estee's Pl. and Prac., 221, 2d ed.)

*Judson & Israel.* for Defendants in error.

The Court tried the case upon plaintiff's motion filed in the cause.

The Court was asked to try the case upon the facts admitted in the pleadings and other papers filed.

This the Court could do, the defendants not objecting.   (Sec. 245, Code of Washington.)

The Court could try the question so presented, both parties consenting, under Section 298, Code of Washington.

Plaintiff is not in a position to say that he did not consent, and defendants are not objecting.

After the trial, plaintiff filed his motion for a new trial, under Section 275 of the Code.   In this motion for a new trial, all the rulings here assigned as " error " were presented and argued by counsel.

Such a motion as the one filed here for a new trial, no lawyer would file and argue, if the Court had not tried the cause.

Having so acted, plaintiff is estopped from saying, and here urging, that the Court had no right to try the cause.   (*Barlow* v. *Scott*, 24 New York Reports, 40 ; *Greason* v. *Ketellas*, 17 New York, 498.)

Opinion by WINGARD, Associate Justice.

The following are the complaint and answer in this case :

Plaintiff complains of defendants, and for cause of action alleges :

1. That on the first day of July, 1881, by a written agreement of lease between plaintiff and defendants, plaintiff rented defendant's property, situated at the southwest corner of Fourth and Washington streets, in the City of Olympia, for the term of one year from that date, at the monthly rent of twenty-two dollars, payable monthly.

2. That defendant covenanted with plaintiff that said lease should be for one year, with the privilege of five years from the date of the expiration of the first year, to wit: the first day of July, 1882.

3. That said lease provided for a written notice by plaintiff to defendants, on or before the first day of June, 1882, should plaintiff elect to renew and continue said lease for five years from the expiration of the said first year.

4. That the buildings on said premises were included in said lease, and were used and occupied by plaintiff for a residence, and for the business of a beer hall, and were leased for such uses and purposes, and said beer hall was built for plaintiff in consideration of said lease, and for the business of plaintiff.

5. That defendants covenanted with plaintiff to keep said buildings, to wit: the residence, the beer hall, and outbuildings, and the said premises, in proper and necessary condition and repair for all proper uses and enjoyment by plaintiff.

6. That said defendants reserved the right to increase said rent to the rate of twenty-five dollars per month, from and after the first day of July, 1882, which rent plaintiff agreed to pay upon continuation and renewal of said lease for five years.

7. That defendants reserved the right to build on the corner of said premises formed by Fourth and Washington streets, or on the corner of said premises formed by the alley and Washington street.

8. That plaintiff entered into and took possession of said premises under said lease, and occupied the same for the purpose of residence and business of beer hall, as aforesaid, up to about the 18th day of May, 1882, at which time the buildings on said premises were destroyed by fire.

9. That after said fire, and prior to the notice hereinafter mentioned, defendants signified to plaintiff their intention to renew said premises for the use and enjoyment of plaintiff; and on the 25th day of May, 1882, plaintiff notified defendants in writing that it was his intention to renew and continue said lease, and retain possession of said premises for the full term of five years; and requested defendants to put said premises in condition and repair for his occupancy and use as residence and business aforesaid.

10. That after said fire and the receipt of said notice, defendants met plaintiff, and consulted with him in regard to the repairs and renewal of said buildings and premises, and defendants then and there informed plaintiff that they would have to charge him, in consideration of the renewal and continuance of said lease, the monthly rent of twenty-five dollars per month, which rent of twenty-five dollars per month plaintiff then and there agreed to pay, from and after the 1st day of July, 1882.

11. That plaintiff has performed each and every of his obligations and covenants to and with defendants, and has regularly paid the rent of twenty-two dollars per month ; and according to his agreement with defendants, plaintiff has paid the said rent of twenty-five dollars per month up to and including the month of July, 1882, to the said defendants, who promised to renew the said premises at their meeting aforesaid.

12. That plaintiff is now, and always has been, since entering into said agreement with defendants, ready and willing to perform each and every part of his covenant to and with defendants.

13. That defendants now refuse to recognize the renewal and continuance of said lease, and have gone upon and taken possession of said premises, and disseized plaintiff.

14. That defendants have erected buildings upon said premises for their own use and profit, contrary to and in violation of their agreement with plaintiff.

15. That defendants are *in mova,* and persist in refusing to give plaintiff the use and enjoyment of said premises.

16. That defendants are *in mora,* and now refuse to repair, restore, and put said premises in proper order and condition for the use of and occupation by plaintiff for residence and business as aforesaid, and that such refusal is a wilful violation and breach of their said agreement with plaintiff.

17. That the said acts and the said refusal of defendants have caused plaintiff injury, loss, and damage, in the sum of three thousand dollars.

18. That the said breach of the said defendants caused plaintiff to be thrown out of business, by which plaintiff is further injured and damaged to the extent and sum of five hundred dollars.

19. That said premises were worth to plaintiff, in preference to any other location, for residence and business, six hundred dollars a year; and the said acts and breach of defendants have deprived plaintiff of such preference, and caused him further and other injury, loss, and damage, in the sum of three thousand dollars.

20. That since the making and entering into said agreement, rents have increased, and it has become more difficult and more

expensive for plaintiff to secure a suitable place for residence and business; and because of such increase, said acts and said breach of defendants have caused plaintiff further and other injury, loss, and damage in the sum of one thousand dollars.

21st. That through inadvertence and mistake plaintiffs and defendants failed to attach their seals to said agreement of lease.

Wherefore plaintiff prays judgment:

That defendants properly attach their seals to said lease, and that plaintiff do have and recover of and from defendants the sum of seven thousand, five hundred dollars, actual, pecuniary, punitive, and exemplary damages, and for costs and disbursements.        P. P. CARROLL. Attorney for Plaintiff.

Come now the above named Jacob Ott and Elizabeth Ott, defendants in the above entitled action, and for answer to plaintiff's complaint they allege as follows, to wit:

First: They admit that on the first day of July, 1881, they entered into a written agreement with plaintiff to lease to said plaintiff the premises described in the complaint, for the period of one year from that date, at the rate of twenty-two dollars per month; but they deny that the said agreement so made was under seal.

Second: They admit the 2d, 3d, and 4th paragraphs of said complaint.

Third: They admit that the agreement set out in the first paragraph of this answer contains an agreement on the part of defendants, to keep said premises in proper and necessary repair and condition, for all proper use and enjoyment of the same by the plaintiff, for the purpose of residence and business aforesaid.

Fourth: They admit the 6th paragraph of the complaint.

Fifth: They admit the 7th and 8th paragraphs of the complaint.

Sixth: They deny that after said fire, or at any other time, that they or either of them signified, or in any way indicated, to plaintiff their intention to renew said premises for the enjoyment or use of plaintiff, except upon the condition that a new lease be made, under and by virtue of which a new dwelling-house was to be erected on the southeast corner of lot. They

admit that they signified their intention to rebuild, if plaintiff refused so to do—and that they specified the nature and size of buildings proposed to be built, and the ground upon which they were to be erected; and that plaintiff refused to have or lease said buildings;‘and that in consequence of said refusal they have not erected any buildings on the ground leased to plaintiff.

They admit that after the destruction of the buildings occupied by plaintiff, that he notified them that it was his intention to renew said contract or agreement, and to retain possession of said premises for the full term of five years, on and after July 1st, 1882.    They admit that plaintiff requested defendants to rebuild said buildings for his occupancy and use.

Seventh: They deny that plaintiff has performed the obligation or covenants to be by him kept or performed under said agreement.    They admit that he has paid the rent during the time alleged in the complaint.    They deny that they, or either of them, ever promised to renew or rebuild the said premises at any meeting, time, or place whatever, under the lease of July 1st, 1881.

Eighth: They deny each and every allegation contained in the 12th, 13th, 14th, and 15th paragraphs of said complaint.

Ninth: They admit that they refused to renew or rebuild said buildings after the fire, under said lease; but they allege that they did voluntarily offer plaintiff a new lease, at the same rent, of the premises, and that under a new lease they offered to erect new buildings for the use of said plaintiff, and that plaintiff rejected said offer.

Tenth: They deny each and every allegation contained in the 17th, 18th, 19th, 20th and 21st paragraphs of the complaint.

1. And for further answer and defense, by way of counter claim, the defendants allege:

That on the first day of July, A. D. 1881, these defendants leased to the plaintiff the premises described in the complaint, together with the buildings thereon situate, being a beer hall and dwelling-house, for the term of one year from said date.

That said plaintiff, for and in consideration of the use and enjoyment of said premises, covenanted and agreed with defendants, that he would quit and surrender said premises in as good state and condition as reasonable and proper use of said premises will allow, damages by the elements excepted.

That plaintiff entered into said premises, and that at the time of his entry thereof said buildings on said premises were in good condition and repair, and were of the value of twelve hundred dollars.

That while plaintiff was so in possession of said premises, the said buildings were totally destroyed by fire.

That in the month of July, A. D. 1882, the said plaintiff quit and surrendered said premises to defendants, but that he did not surrender the same in as good state and condition as he received the same.

That plaintiff neglects and refuses to rebuild said buildings, and that defendants are injured and damaged by said refusal of the plaintiff to rebuild said buildings in the full sum of twelve hundred dollars.

2. And for further answer and defense, by way of counter claim, the defendants allege :

That on the first day of July, 1881, defendants entered into an agreement with plaintiff, whereby they agreed to lease to him the premises described in the complaint for the period of one year, with the privilege of six years.

That in said agreement these defendants agreed to keep said buildings in repair, and the plaintiff agreed to pay the stipulated rent each and every month, and to surrender said premises in as good order and condition as he received the same, damage by the elements excepted.

That in May, 1882, the buildings on said premises were destroyed by fire, and that thereafter plaintiff notified defendants of his intention to hold said premises for the full term of five years from and after July 1st, 1882; and that thereupon defendants notified plaintiff that they would charge him rent for the use of said premises (to wit, the ground), at the rate of twenty-five dollars per month ; and that plaintiff agreed to pay said rent, and did pay the same for the month of July, 1882.

That said plaintiff, since said month of July, and now, refuses to pay the said rent ; and that there is now due from the plaintiff to defendants, rent for the months of August, September, October, November, and December, at twenty-five dollars per month, being one hundred and twenty-five dollars.

Wherefore, defendants pray for judgment against said plain-

tiff, for the said sum of one thousand three hundred and twenty-
five dollars, and for costs of suit.

    JUDSON & ISRAEL, Attorneys for Defendants.

Upon this complaint and answer, the plaintiff moved the
Court for judgment on the pleadings; which motion was granted,
and judgment was accordingly rendered by the Court in favor
of the plaintiff for the sum of six cents damages and costs, and
disbursements to be taxed.

This judgment the plaintiff moved the Court to set aside, and
to grant a new trial, which was refused; and thereupon the
plaintiff took a writ of error.

We see no error in the judgment.

The plaintiff sets up a contract, a breach of which is admitted
by the answer. This would entitle the plaintiff to nominal
damages, which were given.

The plaintiff might have had a trial of the questions involved,
but he chose to move for judgment on the pleadings, thereby
waiving a jury, and virtually demanding a trial by the Court.
In the absence of proof, the Court could only award nominal
damages.

Let the judgment of the Court below be affirmed.

Concurring opinion, by GREENE, Chief Justice, and HOYT,
Associate Justice.

We do not think there was any question of right to a jury
trial involved in the action of the District Court in this case.
The pleadings were such as to entitle the plaintiff to judgment
without further delay or cost to him, though not for the full
damages asked in his complaint. It was a question for him to
debate with himself, and for him to determine, whether he
would apply for and take such judgment as the defendant was
ready to concede, or submit the issue of damages to the hazard
of a trial. He chose the former course, and got what he re-
quested of the Court. It would have been error in the Court
to have refused his request. Therefore, we concur in the con-
clusion of our brother Wingard.